A. TYSEN DUVA
Assistant Attorney General
MATTHEW A. LAMBERTI
Senior Counsel
MICHAEL CHRISTIN
Trial Attorney
Computer Crime and Intellectual Property Section
United States Department of Justice
1301 New York Avenue, NW, Suite 600
Washington, DC 20530
Tel.: 202-514-1026
matthew.lamberti@usdoj.gov
michael.christin@usdoj.gov

TODD BLANCHE
Acting Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar No. 8264
JESSICA OLIVA
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
jessica.oliva@usdoj.gov

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:26-cr-00058-RFB-MDC |
| Plaintiff, | |
| v. | **Motion to Unseal Arrest Warrant [ECF No. 3]** |
| PETER HUBER, | |
| Defendant. | |

The United States, through undersigned counsel, moves to unseal the Arrest Warrant in this case as to defendant Peter Huber, at ECF No. 3. Unsealing the Arrest Warrant will allow the government to disclose the Arrest Warrant's existence to a foreign court and law

enforcement authorities to assist in the extradition of the defendant back to the United States. Further, there is not good cause for Arrest Warrant to remain under seal, as the defendant has been arrested on an INTERPOL Red Notice and ordered detained pending his extradition to the United States based on a warrant in a separate case, *United States v. Peter Huber*, 2:22-cr-00030-RFB-DJA, and the existence of this warrant will need to be disclosed to Huber in the course of the extradition process.

**Points and Authorities**

On April 22, 2026, the grand jury returned a one-count indictment in this case charging defendant Huber with Failure to Surrender for Service of Sentence in violation of 18 U.S.C. § 3146(a)(2) and (b)(1)(A)(ii). At the Grand Jury Return hearing, Judge Couvillier ordered the indictment be filed and an arrest warrant be issued. ECF No. 2.

In order to request extradition of Huber to face these charges, the government needs to provide Hungarian authorities with—among other materials—a copy of the Indictment and a copy of the Arrest Warrant.

Further, good cause[1] does not exist to seal this arrest warrant, because (a) Huber has already been arrested and will be detained in Hungary pending his extradition proceedings, and (b) in order to extradite Huber to the United States, the existence of this warrant must be disclosed to him.

---

[1] "[C]ourts have recognized a general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A narrow range of documents is not subject to the right of public access because the records have "traditionally been kept secret for important policy reasons," which includes grand jury transcripts and pre-indictment warrant materials. *Id.* (*citing Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir.1989)). For other information, the presumption in favor of public disclosure as to dispositive filings must be overcome by showing "compelling reasons" and other filings by showing "good cause." *Id.* at 1180.

**Conclusion**

For all of the above reasons, the Court should unseal the Arrest Warrant at ECF No. 3.

Respectfully submitted this 24th day of April, 2026.

A. TYSEN DUVA
Assistant Attorney General

*/s/ Matthew A. Lamberti*
MATTHEW A. LAMBERTI
Senior Counsel
MICHAEL CHRISTIN
Trial Attorney
United States Department of Justice

TODD BLANCHE
Acting Attorney General

*/s/ Jessica Oliva*
JESSICA OLIVA
Assistant United States Attorney

It is ordered, this the 27th day of April, 2026.

_____
HON. RICHARD F. BOULWARE II
UNITED STATES DISTRICT JUDGE